IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMBER C. WEBER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 6:21-cv-317 |
| | § | |
| EAST LIFT TRUCK SUPPLY, INC. | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Amber C. Weber ("Weber" or "Plaintiff") presents this her Original Complaint against Defendant, East Lift Truck Supply, Inc. ("East Truck" or "Defendant") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1.01   Plaintiff brings this action for sex discrimination, sex harassment, and unlawful retaliation under Title VII and Chapter 21 of the Texas Labor Code.

### II.

### PARTIES

2.01   Plaintiff, is a citizen and resident of the State of Texas and resides at 517 N. Rather Street, Bullard, Texas 75757.

2.02   Defendant Eastern is a Corporation organized under the laws of Texas. Defendant's headquarters are located at 3305 Robertson Road, Tyler Texas 75071. Defendant may be served

through its counsel of record, Roshanak Khosravi with the offices of Wilson, Elser, Moskowitz Edelman & Dicker, Bank of America Plaza, 901 Main Street, Suite 4800  Dallas, Tx 75292-3758

## III.

## JURISDICTION AND VENUE

3.01    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

3.02    Venue for all causes of actions stated herein lies in the Eastern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.  This Court also has pendent jurisdiction over state law claims.

## IV.

## FACTUAL ALLEGATIONS

4.01    Plaintiff began her employment with Defendant on December 17, 2018 as a temporary employee.  In April 2019, she was directly hired by Defendant and put on Defendant's payroll as an Administrative Assistant.  Plaintiff was subsequently promoted to Accounting Assistant at a salary of $14.00 per hour.

4.02    Plaintiff's first supervisor was General Manager James "Jimmy" Head.("Head").  Ms. Denise Frasier ("Frazier") was Plaintiff's second, and final supervisor before Plaintiff was terminated on October 7, 2020.

4.03    Plaintiff was summarily terminated in retaliation for her reports of unwelcome sexual harassment in the workplace by two employees, Mr. John Ellis ("Ellis") and Mr. Travis Edwards ("Edwards").

4.04     Plaintiff reported to her manager, Frazier, via email on August 18, 2020, that she had been sexually harassed in the workplace by  Edwards and Ellis.  In her email, Plaintiff described

how Edwards would corner her in the break room and intimidate her into talking to him. Plaintiff also reported that Ellis would stalk her on her social media page, trying to get her to visit him at his home.

4.05  Plaintiff also reported that the behavior by Ellis and Edwards had distressed her and interfered with her working conditions and adversely affected her work performance.

4.06  In response to Plaintiff's email, Frasier stated: "Thank you for addressing these issues to me and as a woman myself, we will definitely get these issues resolved. Under no circumstances is this kind of behavior tolerated from anyone."

4.07  Notwithstanding Frasier's assurances, there was no investigation. Frasier later informed Plaintiff that Ellis and Edwards received written warnings, but no other action was taken to alleviate the sexually hostile work environment.

4.08  Shortly after Plaintiff made her complaint, Edwards retaliated against Plaintiff by telling Frasier that Plaintiff was not doing her job transferring his calls. Plaintiff has consistently denied this accusation, but was nevertheless placed on a 3-day suspension.

4.09  On October 7, 2020, while Plaintiff was still on her 3-day suspension, Frasier terminated Plaintiff on the grounds that she had abandoned her job.

4.10  Defendant's stated reason for Plaintiffs termination is a pretext for the true reason for her termination, which was in retaliation for her claims of hostile work environment and harassment.

## V.

## FIRST COUNT

### DISCRIMINATION BECAUSE OF SEX IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) *ET SEQ* AND CHAPTER 21 OF THE TEXAS LABOR CODE

5.01  The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely females.

5.03    Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII, since it employs more than fifteen employees.

5.04    Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor Code.

5.05    Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII and Chapter 21 of the Texas Labor Code by creating a work environment hostile to women.

5.06    Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission, and has timely filed suit against Defendant within 90 days of her receipt of the Notice of right to Sue.

5.07    As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

      a.    Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

      b.    Plaintiff suffered lost wages and related benefits.

5.08    Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.09    Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex.  Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

5.10    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) *ET SEQ*, and CHAPTER 21 OF THE TEXAS LABOR CODE

6.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02    Pursuant to 42 U.S.C. s. 2000(E) *et seq*., an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03    The same provision is found in Chapter 21.055 of the Texas Labor Code.

6.04    Defendant retaliated against Plaintiff after she complained to Defendant about the unwelcome advances and sexually hostile environment in the workplace by placing her on a 3-day suspension, and then by terminating Plaintiff's employment.

6.05    Defendant terminated Plaintiff's employment on October 7, 2020.  Defendant's stated reason for Plaintiff's termination was that Plaintiff allegedly verbally resigned during the time she was told to go home without pay for a 3-day suspension.  This stated reason is a pretext for

retaliation because Plaintiff had committed no wrongdoing, she never resigned, verbally or otherwise, and because other employees who had engaged in similar conduct were never disciplined or terminated.

6.06    Defendant knowingly and willfully retaliated against Plaintiff for her protected activity in violation of Title VII.

6.07    Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights.  It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

## VII.

## JURY TRIAL DEMANDED

8.01    Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1)    Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)    Judgment for back pay and front pay as allowed by law;

(3)    Damages for past and future mental anguish, emotional distress, and physical distress;

(4)    Exemplary damages in an amount to be determined by the trier of fact;

(5)    Prejudgment and Post-judgment at the maximum legal rate;

(6)    All costs of court;

(7)    Attorneys' fees; and

(8) Such other and further relief to which Plaintiffs may be justly entitled.

Date:  August 12, 2021.

    Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: _/s/ Nicholas A O'Kelly_

Nicholas A O'Kelly
State Bar No. 15241235
**KILGORE LAW CENTER**
3109 Carlisle
Dallas, Texas 75204
(214) 379-0827 - Telephone
(214) 953-0133 - Telecopier
email: nao@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF
AMBER WEBER**