UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00317

**Amber Weber,**
*Plaintiff*

v.

**East Lift Truck Supply, Inc.,**
*Defendant.*

# ORDER

Plaintiff initiated this action against defendant East Lift Truck Supply, Inc. ("East Lift"), alleging claims of sex discrimination and retaliation pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") as well as violations of the Texas Commission on Human Rights Act, codified in Chapter 21 of the Texas Labor Code § 21.001 *et seq.* ("TCHRA"). Doc. 1. On October 15, 2021, defendant East Lift brought a motion to dismiss all asserted claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 5.

On November 15, 2021, Judge Love issued a report, recommending that defendant's motion be denied. Doc. 12. Defendant East Lift filed objections to the report on November 29, 2021. Doc. 14.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Defendant first objects that the magistrate judge improperly placed the burden on defendant in recommending the motion be denied as to plaintiff's TCHRA claim because defendant did not

provide any argument or evidence regarding a notice of right to sue from the Texas Workforce Commission ("TWC"). Doc. 14 at 2–3. Defendant contends that the pleading burden rests with plaintiff to allege she received a notice of right to sue and contends that she did not request or receive one from the TWC in this case. *Id.* at 3.

Reviewing the report, it does not appear that the magistrate judge improperly shifted the burden to defendant. Rather, the magistrate judge pointed out that the information provided by the movant-defendant as to this legal argument was insufficient because there was no mention of any notice of right to sue from the TWC in defendant's brief. Doc. 12 at 5. The magistrate judge therefore could not conclude on the briefing whether plaintiff's TCHRA claim was timely brought and was not in a position to sua sponte dismiss the claim. *Id.* As a result, the magistrate judge recommended the motion to dismiss be denied as to plaintiff's TCHRA claim without prejudice to re-urging on summary judgment with the requisite information provided to the court. Here, plaintiff has alleged that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the TWC and that she has timely filed suit within 90 days of her receipt of the notice of right to sue. Doc. 1 at ¶ 5.06. Defendant's motion, however, which challenges the timeliness of her TCHRA claim, is insufficient as it fails to include any discussion of timing as it relates to a notice of right to sue from the TWC, if any. Furthermore, defendant's motion did not challenge the sufficiency of plaintiff's pleadings on the basis that plaintiff did not allege a date of receipt of a notice of right to sue from the TWC. As such, the court agrees with the magistrate judge that defendant's motion lacks the requisite information needed to decide whether plaintiff's TCHRA claim was timely brought and should therefore be denied without prejudice to refiling.

Defendant next objects to the characterization of one of its arguments as a failure to exhaust. Doc. 14 at 3–4. Defendant contends that its argument was rather that the amended charge was never properly noticed to defendant and never properly submitted to the EEOC via its portal. *Id.* This objection makes little sense on the record. Defendant's motion argued that plaintiff's sex discrimination

claims exceeded the scope of her EEOC charge. *Id.* at 4–5. In other words, defendant's argument was precisely that plaintiff's charge exceeded the scope of EEOC exhaustion because she alleged a claim for sex discrimination that was not included in her charge. *Id.* Defendant's initial motion does not make any mention of the amended charge and indeed this issue was not addressed until the reply brief after plaintiff raised the issue of the amended charge in response. Doc. 11. As such, the magistrate judge did not mischaracterize defendant's argument and the court finds no objectionable basis to the magistrate judge's conclusion regarding exhaustion of the sex discrimination claim.

Lastly, defendant makes generic objections that the magistrate judge erred in concluding that plaintiff's claims for sex discrimination, hostile work environment, and retaliation were adequately pled. Doc. 14 at 4. Having reviewed the pleadings and the magistrate judge's recommendations, the court finds these conclusory objections to be without merit.

Having reviewed the magistrate judge's report and recommendation, the court finds no error. Accordingly, the report and recommendation (Doc. 12) is accepted. Fed. R. Civ. P. 72(b)(3). Defendant's motion to dismiss (Doc. 5) is denied.

*So ordered by the court on December 20, 2021.*

J. CAMPBELL BARKER
United States District Judge